**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROSE MARIE BUTTERFLY, | No. 20-35257 |
| Plaintiff-Appellant, | D.C. No. 4:18-cv-00096-BMM |
| v. | |
| BENEFIS HEALTH SYSTEM; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted February 17, 2021**

Before: FERNANDEZ, BYBEE, and BADE, Circuit Judges.

Rose Marie Butterfly appeals from the district court's judgment dismissing her employment discrimination action as barred by the applicable statute of limitations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal of an action as time-barred, and for clear error any underlying factual

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

determinations. *EEOC v. Dinuba Med. Clinic*, 222 F.3d 580, 584-85 (9th Cir. 2000). We vacate and remand.

The district court dismissed Butterfly's Title VII and Americans with Disabilities Act ("ADA") claims alleging discrimination, retaliation, and a hostile work environment on the basis that the relevant EEOC charges were not filed within 180 days of the alleged unlawful practice, and because Butterfly did not file her complaint within 90 days of receiving her EEOC right to sue letter. However, we are unable to determine from the district court's order whether the district court considered the potential applicability of the alternate 300-day limitation for Butterfly to file her EEOC charges. *See* 42 U.S.C. § 2000e-5(e)(1) (Title VII complainant must file EEOC charge no later than 180 days, or authorized state or local charge no later than 300 days, after alleged unlawful practice occurred); *Fort Bend County, Texas v. Davis*, 139 S. Ct. 1843, 1846 (2019) ("If the state or local agency has a 'worksharing' agreement with the EEOC, a complainant ordinarily need not file separately with federal and state agencies. She may file her charge with one agency, and that agency will then relay the charge to the other."); *Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 823 & n.11 (9th Cir. 2001) (same statute of limitations for ADA claims as Title VII claims).

We are also unable to determine whether the district court considered the fact that Butterfly lodged her complaint with the district court within 90 days when

concluding that she failed to meet the required 90-day deadline. *See* Fed. R. Civ. P. 5(d)(2); *Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1004 (9th Cir. 2009) (for purposes of a statute of limitations, a document is considered filed when it is delivered to the clerk or lodged with the court); *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1121 (9th Cir. 2007) (42 U.S.C. § 2000e-5(f)(1) requires a claimant to file a civil lawsuit within 90 days of receiving a right to sue notice from the EEOC).

The district court also dismissed Butterfly's 42 U.S.C. § 1981 claims but failed to consider whether Butterfly timely filed these federal claims within the applicable four-year statute of limitations. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382-84 (2004) (because § 1981(a) does not contain a statute of limitations, the four-year "catch all" statute limitations articulated by Congress applies (citing 28 U.S.C. § 1658(a)); *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action" (citation and internal quotation marks omitted)).

Contrary to defendants' contention, Butterfly did not waive her right to challenge the magistrate judge's findings and recommendations because a determination that the applicable statute of limitations bars a claim is a legal conclusion. *See Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991) ("[P]arties

who do not object to a magistrate's report waive their right to challenge the magistrate's factual findings but retain their right to appeal the magistrate's conclusions of law.").

In sum, we vacate the district court's judgment, and remand for further consideration as to whether Butterfly's Title VII, ADA, and § 1981 claims are timely.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, such as whether Butterfly's state law claims were properly dismissed, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Appellees will bear the costs on appeal.

**VACATED and REMANDED.**