**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| ROSE MARIE BUTTERFLY,<br><br>Plaintiff,<br><br>vs.<br><br>BENEFIS HEALTH SYSTEM, KATHIE AVIS, PAMELA BLACKWELL, CASEY BUCKINGHAM, and LISA WATSON-WHITFORD,<br><br>Defendants. | No. CV-18-96-GF-BMM<br><br>**ORDER** |

Plaintiff Rose Marie Butterfly ("Butterfly") brought this employment discrimination case against her former employer, Benefis Health System ("Benefis"), and five former colleagues, Kathie Avis, Pamalia Blackwell, Casey Buckingham and Lisa Watson-Whitford (collectively "Benefis Defendants"). (Doc. 2.) Butterfly alleges that Benefis discriminated against her and wrongfully terminated her employment. Benefis Defendants move the Court for summary judgment on all of Butterfly's claims. (Doc. 82.)

1

**FACTUAL AND LEGAL BACKGROUND**

Procedural Background.

Butterfly is a 67-year-old woman who lives in Great Falls, Montana. (Doc. 58 at 2.) Butterfly is an enrolled member of the Blackfeet Tribe. (*Id.*) Butterfly began working for Benefis in November 2009. (*Id.* at 3.) Butterfly spent approximately two months as an independent contractor assigned to a cancer survey project. (*Id.*) Butterfly applied to and was accepted for an employee position as a Native American Advocate. (*Id.* at 4.)

Butterfly alleges that Benefis used independent contractor status to systematically underpay and discriminate against Blackfeet employees. (*Id.* at 3.) Butterfly additionally asserts that her supervisors treated Blackfeet employees differently from white and Cree employees; created a hostile and retaliatory workplace; and failed to respond appropriately to internal complaints raised by Butterfly and other Blackfeet employees. (*Id.* at 4–10.) Butterfly states that she has experienced "work-related mental distress, anxiety attacks, panic attacks, PTSD type symptoms, and chronic physical pain" due to Benefis's discriminatory and retaliatory conduct. (*Id.* at 5.)

Butterfly began intermittent Family Medical Leave Act ("FMLA") sick leave on March 9, 2015. (*Id.* at 7.) Butterfly submitted a doctor's note that recommended a four-month period of leave for work-related physical and mental illness. (*Id.*)

Butterfly states that she was hospitalized two weeks later for a suicide attempt. (*Id.*) Butterfly obtained a doctor's note clearing her for work on July 10, 2015. (*Id.* at 8.) Butterfly alleges that Benefis failed to hold her full-time position and instead placed her on "registry status." (*Id.*) Butterfly has not worked for Benefis since March 6, 2015. (Doc. 84-2 at 3.) Benefis terminated Butterfly's employment on January 29, 2016. (*Id.*; Doc. 84 at 5.) Butterfly alleges that she received her termination letter on February 6, 2016. (Doc. 97 at 9.)

Procedural Background.

Butterfly alleges that she filed a complaint with the Occupational Safety and Health Administration on March 6, 2016. (*Id.* at 10.) The parties disagree about when Butterfly filed her first Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination. Butterfly filed her first EEOC complaint on November 27, 2016, according to Butterfly, or February 4, 2017, according to Benefis Defendants. (*Compare* Doc. 97 at 9, 18, *with* Doc. 84-2 at 2.) Benefis submitted a Position Statement in response to Butterfly's first EEOC statement on April 7, 2017. (Doc. 84-5.) Butterfly's second EEOC complaint is part of the record, with an undisputed filing date of November 21, 2018. (Doc. 84 at 7.)

Butterfly filed this federal-court action as a *pro se* plaintiff proceeding *in forma pauperis* on July 9, 2018. (Doc. 2.) Butterfly filed an Amended Complaint on July 27, 2018. (Doc. 5.) The Amended Complaint included 16 causes of action. (*Id.*)

United States Magistrate Judge John Johnston ("Judge Johnston") screened the Amended Complaint under 28 U.S.C. § 1915 and issued Findings and Recommendations on August 2, 2018. (Doc. 6.) Judge Johnson recommended dismissing all of Butterfly's claims save her claims of national origin discrimination and disability discrimination. (*Id.* at 8). Butterfly filed a timely objection. (Doc. 7.) The Court adopted the Findings and Recommendations in full on November 13, 2018. (Doc. 12 at 3.)

Butterfly obtained leave of Court to file a Second Amended Complaint in order to add a claim of retaliation. (Doc. 14.) Butterfly filed her Second Amended Complaint on March 14, 2019. (Doc. 16.) The Second Amended Complaint contained the following nine causes of action: (I) Retaliatory Discrimination; (II) Retaliatory Discrimination-Continuing Violations; (III) Negligent Hiring, Supervision, and Retention; (IV) Breach of Contract; (V) Breach of Duty of Care; (VI) Negligence; (VII) Personal Injury; (XIII) National Origin Discrimination; and (IX) Disability Discrimination. (*Id.* at 13–18). Defendants filed a Motion to Dismiss Butterfly's Second Amended Complaint on August 12, 2019. (Doc. 29.)

Judge Johnston issued his Second Findings & Recommendations on February 9, 2019. (Doc. 36.) Judge Johnston recommended dismissing Butterfly's Second Amended Complaint. (*Id.* at 9.) Judge Johnston found that Montana's Wrongful Discharge from Employment Act preempted Counts 3, 4, 5, 6, and 7. (*Id.* at 4.) Judge

Johnston additionally determined that Counts 1, 2, 8, and 9 were time-barred. (*Id.* at 7–8.) Neither party filed objections. The Court adopted, in full, Judge Johnston's Second Findings & Recommendations on January 6, 2020. (Doc. 37.) Butterfly appealed the Court's January 6, 2020 Order. (Doc. 42.)

The Ninth Circuit issued a Memorandum Opinion reversing and remanding the action on February 22, 2021. (Doc. 46.) The Ninth Circuit observed that it "was unable to determine" both whether the Court had considered the potential applicability of the alternate 300-day limitations period for Butterfly's EEOC charges, as well as whether the Court had considered that Butterfly had lodged her initial federal-court complaint within 90 days in concluding that she had failed to meet the 90-day filing deadline. (*Id.* at 2–3.) The Ninth Circuit additionally determined that the Court had failed to consider whether Butterfly's § 1981 claims fell within the applicable four-year limitations period. (*Id.* at 3.) The Memorandum Opinion directed the Court to consider whether Butterfly timely filed her Title VII, Americans with Disabilities Act ("ADA"), and § 1981 claims. (*Id.* at 4.)

Butterfly filed a Third Amended Complaint on July 6, 2022. (Doc. 58.) The Third Amended Complaint contains the following five causes of action: (I) Discrimination, in violation of 42 U.S.C. § 2000e-2, *et seq.*; (II) Retaliation and Hostile Work Environment, in violation of 42 U.S.C. § 1981; (III) Violation of the ADA; (IV) Violation of the Rehabilitation Act; and (V) Emotional Distress. (*Id.* at

13–17.) Butterfly seeks compensatory and punitive damages, in addition to attorney's fees and costs. (*Id.* at 17.)

The Third Amended Complaint also added former co-worker Joy Lynn Valles ("Valles") as a Plaintiff. (*Id.* at 2.) Valles claimed that she had been "affected by some of the same and or similar racial discrimination, on-going harassment and retaliatory acts" as those challenged by Butterfly. (*Id.*) Benefis Defendants filed a Second Motion to Dismiss Valles's claims for lack of subject-matter jurisdiction on July 20, 2022. (Doc. 61.) Butterfly voluntarily dismissed, without prejudice, Valles's claims on September 6, 2022. (Doc. 74.) Benefis Defendants filed a Motion for Summary Judgment on May 18, 2023. (Doc. 82.) Butterfly filed a Response on June 15, 2023. (Doc. 96.) The Court held a motion hearing on June 27, 2023. (Doc. 99.) United States Magistrate Judge Kathleen DeSoto conducted a settlement conference on July 25, 2023. (Doc. 109.) The case did not settle.

## LEGAL STANDARD

Summary judgment proves appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine material fact dispute requires sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* at 248.

## DISCUSSION

Benefis Defendants seek summary judgment against Butterfly on all five of the counts in the Third Amended Complaint. The Court will consider the merits of each claim in turn.

### A. Count I: Discrimination Under Title VII.

Title VII prohibits employment discrimination, including on the basis of race, national origin, and disability. Title VII's exhaustion requirement mandates that a plaintiff file a Charge of Discrimination with the EEOC before bringing a Title VII claim in federal court. A complainant typically must file their administrative charge of discrimination with the EEOC within 180 days of the alleged unlawful employment practice 42 U.S.C. 2000e-5(e)(1); *EEOC v. Dinuba Med. Clinic*, 222 F.3d 580, 585 (9th Cir. 2000). Title VII extends the deadline to 300 days if a plaintiff files their charge with a state agency that enforces its own anti-discrimination laws. *Dinuba Med. Clinic*, 222 F.3d at 585.

Benefis Defendants urge the Court to grant summary judgment on Count 1 (Title VII). (Doc. 83 at 8–9.) Benefis Defendants focus entirely upon the limitations period issue and fail to raise any arguments about the merits of Butterfly's Title VII claim. Benefis Defendants assert that Butterfly failed to file her first EEOC complaint within the 300-day limitation. (Doc. 83 at 6.) Benefis Defendants argue that the latest possible conduct Butterfly could have challenged in her first EEOC

complaint occurred on January 29, 2016, the date of Butterfly's termination. (Doc. 84 at 5.) Benefis Defendants contend that Butterfly filed her first EEOC complaint on February 4, 2017.

Counting backwards using the EEOC's more generous 300-day limitations period, the unlawful practice would have had to occur on or after April 10, 2016. (Doc. 83 at 6.) Butterfly's EEOC complaint filing would prove untimely under Benefis Defendants' interpretation regardless of whether Butterfly was terminated on January 29, 2016, or February 6, 2016, since both dates fall before April 10, 2016. (*Id*. at 7.)

Butterfly responds, however, that she timely filed her first EEOC Complaint. Butterfly maintains that she submitted her initial EEOC complaint on November 27, 2016. Butterfly contends that Benefis terminated her on February 6, 2016, when she received her termination letter. (Doc. 97 at 9.) This earlier alleged filing date, combined with the later termination date, results in a 300-day limitations period deadline of February 1, 2017. Butterfly notes that the district court in *Price v. City of New York*, 797 F. Supp. 2d 219, 228 (E.D.N.Y. 2011), determined that an EEOC intake questionnaire qualified as an official charge for limitations period calculation purposes. (Doc. 96 at 4.) The Court determines that Butterfly has demonstrated a material issue of fact sufficient to preclude summary judgment for her Title VII claim as to the first EEOC complaint. *See Price*, 797 F. Supp. 2d at 228.

Benefis Defendants also contend that Butterfly failed to timely file her second EEOC Charge of Discrimination. (Doc. 84 at 7.) Butterfly filed her second EEOC complaint on November 21, 2018. (Doc. 84-6.) Applying the more generous 300-day limitations period, the latest possible date of conduct that Butterfly could have challenged in this complaint was January 25, 2018. Butterfly's briefing and testimony with respect to the second EEOC complaint proves inconsistent. She has stated alternately that the second EEOC complaint concerned only Benefis's April 7, 2017, response to her initial EEOC complaint, and that it also concerned other retaliation that she experienced as recently as early 2018. (*Compare* Doc. 96 at 7, *with* Doc. 97 at 10.) Butterfly has failed to provide adequate support for her claim that the second EEOC complaint concerned conduct within the applicable limitations period. The Court will grant summary judgment as to Butterfly's Title VII claims regarding her second EEOC complaint.

**B. Count II: § 1981.**

Section 1981 prohibits race-based discrimination in the making and enforcing of contracts. 42 U.S.C. § 1981. A plaintiff bringing a § 1981 claim must prove the existence of a contractual interest. *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 295 (1976). A claim under 42 U.S.C. § 1981 also has a four-year statute of limitations. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382–84 (2004) (citing 28 U.S.C. § 1658(a)).

Butterfly has failed to establish that she possessed a contractual interest with Benefis Defendants. Even should the Court construe Butterfly's § 1981 claim as challenging Benefis's "independent contractor contract" as a contractual interest for § 1981 purposes, the claim fails because Butterfly neglected to bring her the claim within the four-year limitations period. The Court agrees with Benefis Defendants that the latest that Butterfly's independent contractor claim could have accrued under § 1981 was January 2010, when Butterfly transitioned to full-time contract employment. Butterfly would have had to raise any § 1981 claims on or before January 17, 2014.

Butterfly provides only a conclusory allegation that she timely filed her § 1981 claims within the four-year limitations period. (Doc. 96 at 9.) Butterfly states that her "Independent Contractor contract was sent on March 22, 2016." (*Id.* at 7.) Butterfly fails to explain the relationship between the March 2016 independent contractor contract, her two-month employment as an independent contractor from November 2009 to January 2010, and the specific conduct she challenges in her § 1981 claim. (*Id.* at 7, 9–10.) Butterfly's § 1981 claim proves time-barred. Count II fails as a matter of law.

**C. Count III: Americans with Disabilities Act.**

An employer discriminates against a disabled employee pursuant to the ADA when the employer does "not mak[e] reasonable accommodations to the known

10

physical or mental limitations of the individual." 42 U.S.C. § 12112(b)(5)(A). The ADA makes an exception where an employer "can demonstrate that the accommodation would impose an undue hardship on the operation of the business of the [employer]." *Id.*; *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999). The ADA contains a similar EEOC administrative exhaustion requirement to that required by Title VII.

Benefis Defendants repeat the same limitations period arguments in favor of summary judgment for Butterfly's ADA claim as those they raised against her Title VII claims. (Doc. 83 at 12–13.) Benefis Defendants do not level any substantive challenges to Butterfly's ADA claims. For the same reasons set forth above, the Court will deny summary judgment as to Butterfly's ADA claims regarding her first EEOC complaint and will grant summary judgment as to her ADA claims relating to her second EEOC complaint.

**D. Count IV: Section 504 of the Rehabilitation Act.**

Section 504 of the Rehabilitation Act ("Section 504") addresses discrimination in the provision of state services to people with disabilities. *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1203 (9th Cir. 2016). A plaintiff bringing suit under Section 504 must establish the following four elements: (1) that they are an individual with a disability; (2) that they are otherwise qualified to receive the benefit; (3) that they were denied the benefits of a program solely by

reason of their disability; and (4) that the program receives federal financial assistance. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).

Benefis Defendants argue that the Court must grant summary judgment on Butterfly's Section 504 claim. (Doc. 83 at 13–14.) The Court agrees that Butterfly has failed to state a viable Section 504 claim. Butterfly has conceded that her claims all relate to her employment and termination. (Doc. 84 at 3.) Butterfly has not alleged any facts relating to denial of benefits of a federal program based on disability. (Doc. 58.) Butterfly fails to respond to Benefis Defendants' arguments regarding her Rehabilitation Act claim. (*See generally* Doc. 96.) The Court will grant summary judgment to Benefis Defendants on Count IV.

### E. Count V: Emotional Distress.

Benefis Defendants note that the Court already has dismissed Butterfly's emotional distress claim. (Doc. 83 at 15.) Butterfly concedes that the Court has dismissed her emotional distress claim. (Doc. 96 at 9.) Butterfly has acknowledged that she failed to appeal the dismissal of this claim. (Doc. 84 at 3.) Butterfly asserts, without support, that her emotional distress claim "can be brought under other statutes" such as Title VII, § 1981, the ADA, and the Rehabilitation Act. (*Id.*) Butterfly's emotional distress claim, Count V, fails as a matter of law.

## CONCLUSION

The Court will grant, in part, and deny, in part, the summary judgment motion. (Doc. 82.) The Court will grant summary judgment on Counts II, IV, and V. The Court will permit allow Butterfly's Title VII and ADA claims, Counts I and III, to proceed to the extent that they reflect alleged violations raised in her first EEOC complaint. The Court will grant summary judgment for Counts I and III as to any conduct that Butterfly challenged in her second EEOC complaint.

## ORDER

**IT IS HEREBY ORDERED** that:

1. Benefis Defendants' Motion for Summary Judgment is **GRANTED, in part, and DENID, in part.** (Doc. 82.)

2. The Court will **GRANT** summary judgment in favor of Benefis Defendants as to Counts II, IV, and V of the Third Amended Complaint.

3. The Court will **GRANT, in part, and DENY, in part,** summary judgment for Counts I and III. The Court will **DENY** summary judgment as to Butterfly's Title VII and ADA claims relating to her **first** EEOC Charge of Discrimination. The Court will **GRANT** summary judgment as to Butterfly's Title VII and ADA claims relating to her **second** EEOC Charge of Discrimination.

DATED this 28th day of July, 2023.

Brian Morris, Chief District Judge
United States District Court